# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LATWAHN McELROY, CDCR #P-71922, <br><br> Plaintiff, <br><br> vs. <br><br> ROY COX; OFFICER COPE; CALIFORNIA DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | Civil No.   1:08cv1221 JTM (AJB) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)** <br><br> **[Doc. No. 15]** |

**I.**

**PROCEDURAL HISTORY**

On August 19, 2008, Plaintiff, an inmate currently incarcerated at California State Prison located in Sacramento, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Jeffrey T. Miller for all further proceedings [Doc. No. 7]. The Court found the allegations in Plaintiff's Complaint were sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Feb. 2, 2009 Order at 2-3. The United States Marshal was directed to effect service of Plaintiff's

1 Complaint upon Defendants. *Id.* On July 8, 2009, Defendants filed a Motion to Dismiss pursuant to
2 FED.R.CIV.P. 12(b). Plaintiff filed his Opposition to Defendants on July 27, 2009, to which Defendants
3 filed their Reply on August 12, 2009.

## II.

### FACTUAL ALLEGATIONS

On February 5, 2007, Defendants were conducting a clothing search in Plaintiff's cell and directed Plaintiff to get out of his wheelchair. *See* Compl. at 3. Plaintiff was directed to "bend and squat." However, Plaintiff informed Defendants he was unable to do so due to a medical restriction. *Id.* Plaintiff was then told to stand and face the bunk while lifting his feet. *Id.* Plaintiff used his cane and when he turned around he saw that his wheelchair had been removed. *Id.* When Plaintiff asked to have his wheelchair returned, "Defendant Cox walked in front of Plaintiff with balled fists as Officer Doe sprayed mace." *Id.* at 3-4. Plaintiff fell onto the floor. *Id.* at 4. Defendant Cox "straddled Plaintiff," applied handcuffs and "stepped on Plaintiff's hand." *Id.* Defendant Cox began "punching Plaintiff in the lower back" and he was then "lifted up" by three unnamed officers and "slammed outside the building door." *Id.* Plaintiff claims he was hit in the sternum, as well as under the eye. *Id.* Plaintiff "stood against a wall as pictures were taken of his facial, hand and leg injuries." *Id.* Plaintiff was "forced to hobble in pain to [the infirmary] where Nurse Hankins watched [Correctional Officer] Cope slam Plaintiff against a wall striking the same eye." *Id.* Plaintiff's permanent mobility impairment has been verified by the issuance of a medical chrono by a physician. *Id.*

## III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

Defendants move to dismiss Plaintiff's claims for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

**A.      Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

Defendants claim Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, they seek dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised

pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1] *Wyatt* also holds non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 369).

### B. Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *id.* at 525, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

The State of California provides its prisoners and parolees the right to administratively appeal

---

[1] The Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

1  "any departmental decision, action, condition or policy perceived by those individuals as adversely
2  affecting their welfare."   CAL. CODE REGS., tit. 15 § 3084.1(a).  In order to exhaust available
3  administrative remedies within this system, a prisoner must proceed through several levels: (1) informal
4  resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the
5  institution head or designee, and (4) third level appeal to the Director of the California Department of
6  Corrections.  *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit.
7  15 § 3084.5).  The "Director's Level" of review "shall be final and exhausts all administrative remedies
8  available in the Department [of Corrections.]"  *See* Cal. Dep't of Corrections Operations Manual,
9  § 54100.11, "Levels of Review;" *Barry*, 985 F. Supp. at 1237-38; *Irvin v. Zamora*, 161 F. Supp. 2d
10 1125, 1129 (S.D. Cal. 2001).

11       **C.      Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case**

12       The failure to exhaust administrative remedies is an affirmative defense under the PLRA which
13 Defendants must plead and prove.  *See Jones v. Bock, et al.* 594 U.S. 199, 216 (2007).  Defendants
14 maintain Plaintiff "submitted no appeals that were accepted at any level of review concerning Cox and
15 Cope's alleged actions on February 5, 2007."  Defs.' Mot. at 5.  In support of this assertion, Defendants
16 offer the Declarations of T. Billings, Appeal Coordinator at Kern Valley State Prison, and N. Grannis,
17 Chief of the Inmate Appeals Branch in Sacramento California.

18       In his declaration, Billings claims to provide a summary of all the grievances submitted by
19 Plaintiff between February 5, 2007 and August 19, 2009.  *See* Billings Decl., ¶ 3.  Although summary
20 indicates Plaintiff failed to submit a grievance relating to the incidents at issue, there are inconsistencies
21 between the records provided by Defendants and those provided by Plaintiff in his Opposition.

22       Defendants maintain that, aside from the grievances processed, Plaintiff filed only one appeal
23 and that one was "screened out at the informal level."  Billings Decl. ¶ 5.  Defendants claim that this
24 "screened out" appeal was submitted by Plaintiff on March 25, 2007.  *Id.*  Defendants do not provide
25 any details about the nature of Plaintiff's appeal.

26       Plaintiff disputes Defendants assertions and claims he was "locked up" following the incident,
27 he was not provided with a "pencil or grievance form" and he was unable to file his administrative
28 grievance until March 4, 2007.  Pl.'s Opp'n at 1.  Plaintiff attaches a copy of his administrative

grievance relating to the incident described in his Complaint and a response by prison officials "screening out" this grievance which is dated March 16, 2007. *Id.* at 7. Defendants fail to mention this grievance or the "screen out" which is dated nine days before the other grievance response referred to by T. Billings. The screening response, attached to Plaintiff's Opposition, states Plaintiff's appeal regarding staff misconduct failed to provide "any specific details demonstrating misconduct." *Id.*, Ex. A, "CDC Form 695 screening Appeal." The response by the Appeal Coordinator advises Plaintiff to "rewrite [his] appeal and document detailed information concerning the actual incident that [he] feel[s] demonstrated the misconduct." *Id.*

Defendants argue in their reply, after first acknowledging the existence of this grievance which was initially left out of their moving papers, that Plaintiff did not exhaust his administrative remedies because he did "not pursue this grievance to any formal level of review." *See* Defs.' Reply at 2. However, the Appeal Coordinator's response does not inform Plaintiff he could continue to a formal appeal level, but rather instructed Plaintiff to rewrite his initial appeal.

The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held, "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held, "[Exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

Aside from the incomplete record initially provided by Defendants, Plaintiff maintains he could not file a timely grievance because prison officials failed to provide him with the opportunity to do so. *See* Pl.'s Opp'n at 1. The Ninth Circuit addressed this issue in *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009). The Ninth Circuit noted that California Code of Regulations requires an inmate to submit an administrative grievance "within fifteen working days of the event or decision." *Id.* at 1027. A grievance may only be rejected as untimely if the time limits were exceeded *and* "the [inmate] had the opportunity to file within the prescribed time constraints." *Id.* (citing CAL.CODE REGS.TIT. 15 §§ 3084.6(c) and 2084.3(c)(6) (emphasis added.)). Where an inmate is not provided the opportunity to file

his administrative grievance within the specified time, "his failure to file timely does not defeat his claim." *Id.* In contrast, if an inmate had the opportunity to timely file such a claim but failed to do so, *Woodford* would preclude a finding of proper exhaustion. *Id.* at 1028.

Here, Plaintiff states he attempted to file a grievance following the incident but prison officials refused to provide him with the necessary forms or writing instruments. *See* Pl.'s Opp'n at 1. Moreover, Plaintiff has attached a copy of his initial administrative grievance submitted on March 4, 2007 which is in response to the Rules Violation Report he received on February 19, 2007 relating to the February 5, 2007 incident. *Id.* This response did not inform Plaintiff he had any further levels of review and thus, there was no indication he had any additional "available" administrative remedies.

Thus, the Court finds Defendants have failed to adequately develop the record to show Plaintiff did not properly exhaust his administrative remedies. Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b) is **DENIED** without prejudice.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 15] is **DENIED**. Defendants shall file an Answer to Plaintiff's Complaint, and serve it upon Plaintiff, no later than twenty (20) days after the date upon which this Order is filed.

DATED:  August 21, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge