# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| LATWAHN McELROY, CDCR #P-71922,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROY COX, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.  1:08cv01221 JTM (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 23]** |

## I.
### Procedural Background

On August 19, 2008, Plaintiff, an inmate currently incarcerated at California State Prison, Sacramento ("CSP-SAC"), in Represa, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4].

On November 26, 2008, the case was reassigned to this Court for all further proceedings [Doc. No. 7]. On February 2, 2009, the Court screened Plaintiff's Complaint pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(b) and directed the U.S. Marshal to effect service on Plaintiff's behalf [Doc. No. 9]. On July 8, 2009, Defendants filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b), arguing that Plaintiff had failed to exhaust administrative remedies before filing suit pursuant to 42 U.S.C. § 1997e(a) [Doc. No. 15]. On August 25, 2009, however, the Court denied Defendants' Motion, finding they had "failed to adequately develop the record to show Plaintiff did not properly exhaust." *See* Aug. 25, 2009 Order [Doc. No. 20] at 6. Thus, on September 1, 2009, Defendants filed their Answer [Doc. No. 21]. On October 7, 2009, Plaintiff filed a Motion for Appointment of Counsel [Doc. No. 23].

## II.

## Motion to Appoint Counsel

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court acknowledges that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the

relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

Here, Plaintiff requests appointment of counsel because he has no "legal education," "very limited access ... to legal materials" and his case "contains several different legal claims" that may require discovery, depositions and expert testimony. *See* Pl.'s Mot. at 1-2. However, Plaintiff's Complaint has already survived screening, which indicates his ability to sufficiently articulate the factual basis of his claims. *See Agyeman*, 390 F.3d at 1103. In addition, Plaintiff has successfully opposed Defendants' Motion to Dismiss by making legal arguments as well as proffering documentary evidence of his administrative appeals. *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss [Doc. No. 17].

Accordingly, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel [Doc. No. 23] is **DENIED** without prejudice.

DATED:  October 19, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge