UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Latwahn McElroy<br>CDCR #P-71922 | Civil No. 08-1221 JM (AJB) |
| Plaintiff, | **ORDER DENYING APPOINTMENT OF COUNSEL; DENYING REQUEST FOR APPOINTMENT OF THE NECESSARY EXPERTS** |
| v. | |
| Roy Cox, et. al., | |
| Defendants. | **[Doc. Nos. 26, 27.]** |

On August 19, 2008, Plaintiff, an inmate currently incarcerated at California State Prison, Sacramento ("CSP-SAC"), in Represa, California and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). The Court granted Plaintiff's motion to proceed IFP on August 21, 2008.

On November 26, 2008, the case was reassigned to this Court for all further proceedings. On February 2, 2009, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and directed the U.S. Marshal to effect service on Plaintiff's behalf. On July 8, 2009, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), arguing that Plaintiff had failed to exhaust administrative remedies before filing suit pursuant to 42 U.S.C. § 1997e(a). Plaintiff filed an opposition on July 27, 2009. On August 25, 2009, the Court denied Defendants' motion to dismiss finding they had "failed to adequately develop the record to show Plaintiff did not properly exhaust." (Doc. No. 20 at 6.) On September 1, 2009, Defendants filed their answer.

1    On October 7, 2009, Plaintiff filed a motion for appointment of counsel.  On October 20, 2009,

2  the Court denied Plaintiff's motion for appointment of counsel.  The Court explained that "Plaintiff's

3  Complaint survived screening, which indicates his ability to sufficiently articulate the factual basis of his

4  claims.  In addition, Plaintiff has successfully opposed Defendants' Motion to Dismiss by making legal

5  arguments as well as proffering documentary evidence of his administrative appeals."  (Doc. No. 24.)

6    On November 4, 2009, the Court issued a scheduling order regulating discovery and pretrial

7  procedures.  On November 23, 2009, Plaintiff filed the instant motion for appointment of counsel.  The

8  Court construes his second motion for appointment of counsel as a motion for reconsideration since he

9  seeks the same relief as the original motion for appointment of counsel.  In addition, Plaintiff filed a

10  motion for appointment of the necessary experts.

11  **A.    Motion for Reconsideration**

12    "[A] motion for reconsideration should not be granted, absent highly unusual circumstances,

13  unless the district court is presented with newly discovered evidence, committed clear error, or if there is

14  an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th

15  Cir. 1999).   A motion for reconsideration"may *not* be used to raise arguments or present evidence for

16  the first time when they could reasonably have been raised earlier in the litigation."  Kona Enters., Inc. v.

17  Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

18    Plaintiff filed a second motion for appointment of counsel clarifying his arguments in the original

19  motion.  In this motion, he attaches a "Verified Petition for Renewal Judicial Determination Re:

20  Involuntary Medication" along with a declaration in support of the petition from Dr. H. Soliman, a

21  psychiatrist at the prison with a hearing date of April 22, 2009.  (Motion filed 11/23, Ex. A.)  The Court

22  notes that these documents could have been raised in the original application and Plaintiff's motion does

23  not warrant a review under the standard for reconsideration.

24    However, even if Plaintiff had submitted the documents earlier, the Court denies his motion for

25  appointment of counsel.

26    "[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp.

27  (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have

28  the authority "to make coercive appointments of counsel."  Mallard v. United States District Court, 490

U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In Allen v. Calderon, the Ninth Circuit held that a party "proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The Court concluded that the district court abused its discretion in dismissing an inmate's petition for failure to prosecute without first conducting a competency hearing because petitioner presented sufficient evidence of his incompetence. Id. In Allen, early on in the litigation, the case was dismissed on procedural grounds. The Ninth Circuit found that there was sufficient evidence of incompetence when Petitioner presented a declaration from himself and another inmate that he was mentally ill and did not understand the court's instruction and a letter from a prison psychiatrist stating the Petitioner was under his care and diagnosed with Schizophrenia. Id. at 1151. Petitioner also filed a motion for appointment of counsel due to his debilitating mental illness that required the use of psychotropic medications which was denied by the district court. Id. at 1152.

Here, Plaintiff has presented the same arguments that he filed in the first motion for appointment of counsel. He argues that the issues are complex and he will require expert testimony and considerable discovery. He also argues that he is illiterate and suffers from a mental disability.

However, in the instant motion, Plaintiff has provided documents to support his mental disability. He attached a "Verified Petition for Renewal Judicial Determination Re: Involuntary Medication" with a hearing date of April 22, 2009. (Mot. filed 11/23, Attach. II.) Along with the petition is a declaration from Dr. H. Soliman, a staff psychiatrist with the Department of Corrections and Rehabilitation. (Id., Attach. II, Ex. A.) The petition was brought by the Department of Corrections and

1   Rehabilitation seeking a court order authorizing the administration of long term involuntary psychotropic

2   medication because Plaintiff was determined to be gravely disabled and incompetent to refuse

3   medication.  (Id., Attach II at 2.)  In April 2008, Plaintiff was found by clear and convincing evidence to

4   be gravely disabled and incompetent to refuse medication and he was involuntarily administered

5   psychotropic medication for one year.  (Id.)  The most recent petition was seeking a renewal order.  (Id.)

6   According to Dr. Solimon, Plaintiff has delusional disorder, somatic type and recommends psychotropic

7   medications.  (Id., Attach. II, Ex. A at 1.)  If Plaintiff is not given the medication, he "will deteriorate,

8   decompensate and would be unable to care for himself."  (Id. at 2.)  If Plaintiff were to continue to

9   receive treatment, he would "improve, stabilize, be able to function within the prison system, as well as

10   cooperating with staff and therapy."  (Id.)

11         Plaintiff has submitted evidence of incompetence similar to what the petitioner submitted in

12   Allen.  However, there is no nexus between his mental disorder and his ability to articulate his claims.

13   Plaintiff's claim that he suffers from a mental illness which prevents him from sufficiently bringing his

14   case is undercut by his pleadings.  Plaintiff has already survived screening.  He has successfully opposed

15   Defendants' motion to dismiss by presenting legal arguments and providing documentary support of his

16   administrative appeal.  (See Pl's Opp'n to Defs.'s Mot. to Dismiss.)  He has also filed two motions for

17   appointment of counsel with clarity and the proper arguments.  In his second motion for appointment of

18   counsel, he provided more documentary support demonstrating his awareness of the legal issues related

19   to a motion for appointment of counsel.  The medical record indicates that he functions well when

20   properly medicated.  Petitioner has shown that he is able to articulate his claims adequately and the

21   issues raised do not appear to be complex.

22         Plaintiff has not shown that the interests of justice or exceptional circumstances warrant

23   appointment of counsel.  See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.3d at

24   1017.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

25   **B.     Motion for Appointment of the Necessary Experts**

26         Plaintiff also filed a motion for appointment of the necessary experts.  He seeks the Court's

27   guidance in assisting him in finding an expert because he "does not have a good understanding of what

28   the court requests and seeks a simpler scheduling order like what exactly are the respective experts

4

1 | expected to be." (Doc. No. 27.)  The Court's role is not as an advocate for Plaintiff and directs Plaintiff
2 | to the law library to research the rules and procedure for designating and retaining experts.  Accordingly,
3 | the Court **DENIES** Plaintiff's motion for appointment of the necessary experts.

5 | IT IS SO ORDERED.

7 | DATED:  December 8, 2009

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

08-1221 JM (AJB)