UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Latwahn McElroy<br>CDCR #P-71922<br>　　　　　　Plaintiff,<br>v.<br>Roy Cox, et. al.,<br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil No. 08-1221 JM (AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**[Doc. No. 53.]** |

On December 17, 2010, Defendants filed a motion to compel discovery responses to Defendants' Request for Production of Documents, Request No. 4. Plaintiff did not file a response. A discovery conference was held on February 15, 2011. Phillip Arthur appeared on behalf of Defendants and Latwahn McElroy appeared *pro se*. Based on Defendants' motion and arguments at the discovery conference, the Court GRANTS Defendants' motion to compel discovery responses.

**Discussion**

Plaintiff filed a 28 U.S.C. § 1983 complaint asserting claims of excessive force and falsifying reports. On October 29, 2010, Defendants served Plaintiff with a deposition notice and also requested "[a]ll written statements from any person concerning the issues you claim are the subject matter of the lawsuit, regardless of the author." (Arthur Decl. ¶ 2; Ex. A.) The responses were due no later than December 2, 2010 when his deposition was taken. On December 2, 2010, during Plaintiff's deposition, defense counsel asked if Plaintiff possessed any responsive documents to Defendants' Request for Production of Documents, No. 4. Plaintiff answered that he possessed three written witness statements but he did not bring them with him. (Arthur Decl. ¶ 4.; Pl's Depo.147:4-148:11, attached as Ex. C to Ds'

1  motion to compel.)  He stated that one witness saw the excessive force incident and two others saw the
2  injuries that Plaintiff suffered during the incident.  (Pl's Depo. 147:4-13, attached as Ex. C to Ds' motion
3  to compel.)
4      On December 6, 2010, defense counsel wrote Plaintiff to obtain the requested documents;
5  however, Plaintiff failed to respond or provide the documents.  (Arthur Decl. ¶ 6; Ex. B.)  Defendants
6  filed a motion to compel discovery responses on December 17, 2010.  Plaintiff did not respond.
7  Accordingly, the Court set a discovery conference on February 15, 2011.
8      Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding
9  any nonprivileged matter that is relevant to any party's claim or defense -- including the existence,
10 description, nature, custody, condition, and location of any documents or other tangible things and the
11 identity and location of persons who know of any discoverable matter . . . . Relevant information need
12 not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
13 admissible evidence." Fed. R. Civ. P 26(b)(1).  Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), "a
14 party must . . . provide to the other parties: . . .a copy– or a description by category and location– of all
15 documents, electronically stored information, and tangible things that the disclosing party has in its
16 possession, custody, or control and may use to support its claims or defenses, unless the use would be
17 solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  If a party fails to provide the information as
18 required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a
19 motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R.
20 Civ. P. 37(c).
21     Witness statements as to the alleged excessive force incident is relevant to Plaintiff's claim.  At
22 the hearing, Plaintiff indicated that he has in his possession three witness statements and agreed to
23 provide them to Defendants.  Accordingly, IT IS HEREBY ORDERED that Plaintiff shall produce the
24 three witness statements and mail them to Defendants no later than **February 18, 2011.**
25 / / / /
26 / / / /
27 / / / /
28 / / / /

During the conference, Plaintiff raised an issue regarding his request for production of documents regarding reprimands of Defendants. Defendants stated that they responded to his request and again state that they have no reprimands of Defendants in their possession, custody and control. Therefore, Defendants have appropriately responded to Plaintiff's request for production of documents.

IT IS SO ORDERED.

DATED: February 15, 2011

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court