UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>            Plaintiff,<br><br>    vs.<br><br>COX, et al.,<br><br>            Defendants. | 1:08-cv-01221-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO SEAL (Doc. 86.)<br><br>ORDER DIRECTING CLERK TO FILE DOCUMENT UNDER SEAL |

Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 19, 2008. (Doc. 1.) This action now proceeds with the original Complaint against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, C/O Sherri Stinnett, and LVN M. Hankins, for excessive force and deliberate indifference in violation of the Eighth Amendment.

On August 11, 2011, defense counsel Phillip L. Arthur ("Counsel") filed a Motion to Withdraw as counsel to defendant Phillip Rocha. (Doc. 84.) On August 11, 2011, Counsel submitted the Declaration of Phillip L. Arthur ("Declaration"), in support of the Motion to Withdraw, to the Court for *in camera* review. On August 15, 2011, Counsel filed a Motion for Order Sealing the Declaration. (Doc. 86.) Counsel's Motion for Order Sealing the Declaration is now before the Court.

1

I.    **MOTION TO SEAL DOCUMENT**

Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds. The public therefore normally has the right to inspect and copy documents filed with the court. See <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597-98 (1978); <u>Globe Newspaper v. Superior Court for Norfolk County</u>, 457 U.S. 596, 603 (1982); <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002). However, public access may be denied where the court determines that court-filed documents may be used for improper purposes. <u>Nixon</u>, 435 U.S. at 598; <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." <u>Hagestad</u>, 49 F.3d at 1434 (*quoting* <u>Nixon</u>, 435 U.S. at 602). The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon</u>, 435 U.S. at 599. After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. <u>Hagestad</u>, 49 F.3d at 1434. Local Rule 141 allows the court to seal documents only upon written order. L. R. 141(a). Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the document. For example, the contents may reveal information that may jeopardize the safety or privacy of particular individuals.

Counsel moves the Court for an order sealing the Declaration which was submitted to the Court for *in camera* review. Counsel asserts that the exhibits to the Declaration, offered in support of Counsel's Motion to withdraw as counsel to defendant Rocha, contain confidential communications between Counsel and defendant Rocha. Counsel also asserts that the Declaration discloses defendant Rocha's private address. Counsel argues that disclosure of the information to Plaintiff and the public would invade the attorney-client and work-product privileges and place defendant Rocha's personal safety at risk.

///

**II.    DISCUSSION**

The Court does not seal case documents or exhibits from public view without good cause. Here, Counsel represents that the Declaration contains privileged communications and a private address. The Court has made an *in camera* review of the Declaration to determine if the information is of a nature that clearly would require the court to maintain confidentiality. The Court agrees that in this case the disclosure of the Declaration and its exhibits would be against the public interest because the need to protect privileged attorney-client communications and defendant Rocha's private address outweighs Plaintiff's need for discovery and the public's need for disclosure. The issue of whether Counsel may withdraw as counsel is unrelated to the merits of Plaintiff's case, and therefore sealing the Declaration from Plaintiff's view will not prejudice his ability to litigate this action. It is the practice of this Court to maintain case documents under seal for an undetermined time period, until they are ordered unsealed by the Court. Accordingly, the Court shall grant Counsel's Motion for Order Sealing the Declaration.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defense counsel's Motion for Order Sealing the Declaration of Phillip L. Arthur, filed on August 15, 2011, is GRANTED; and
2. The Clerk of Court is DIRECTED to file under seal the Declaration of Phillip L. Arthur and its exhibits, which were submitted by defense counsel to the Court for *in camera* review on August 11, 2011, until they are ordered unsealed by the Court.

IT IS SO ORDERED.

Dated:   **August 22, 2011**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

3