# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROY COX, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:08-cv-01221-LJO-GSA PC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ROCHA<br>(Doc. 84.)<br><br>ORDER REQUIRING CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON DEFENDANT ROCHA AT HIS ADDRESS OF RECORD, TO BE KEPT CONFIDENTIAL<br><br>ORDER REQUIRING CLERK OF COURT TO EFFECT SERVICE OF ANY FILING IN THIS ACTION BY PLAINTIFF OR OTHER DEFENDANTS ON DEFENDANT ROCHA AT ADDRESS TO BE KEPT CONFIDENTIAL |

## I.   BACKGROUND

Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 19, 2008. (Doc. 1.) This action now proceeds with the original Complaint against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, C/O Sherri Stinnett, and LVN M. Hankins, for excessive force and deliberate indifference in violation of the Eighth Amendment.

On August 11, 2011, Defendants' counsel filed a motion seeking to withdraw as counsel for Defendant Rocha and a declaration, under seal, in support of the motion. (Docs. 84, 88.) More than

1

twenty-one days have passed and neither Defendant Rocha nor any other party has filed a response to the motion. Local Rule 230(l).

## II. MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ROCHA

Defendants' counsel, Phillip L. Arthur of the Attorney General's Office, seeks to withdraw as counsel of record for Defendant Rocha on the grounds that Rocha's failure to cooperate with defense counsel has rendered it impossible to provide legal services in an appropriate manner. In the Eastern District of California, the conduct of counsel is governed by the Rules of Professional Conduct required of members of the State Bar of California. Local Rule 182(d) addresses the standards for an attorney withdrawing as an attorney. Local Rule 182(d) reads in part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 182(d). Under the Rules of Professional Conduct of the State Bar of California, an attorney may request permission to withdraw for certain reasons. California Rules of Professional Conduct, Rule 3-700(C) provides as follows:

> (C) Permissive Withdrawal.
>
> If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
> > (1) The client
> > > (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
> > > (b) seeks to pursue an illegal course of conduct, or
> > > (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
> > > (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
> > > (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
> > > (f) breaches an agreement or obligation to the member as to expenses or fees.

>    (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or
>
>    . . . .
>
>    (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Prof. Conduct, Rule 3-700(C).

Counsel's declaration adequately sets forth his numerous attempts to communicate with Rocha, which were unsuccessful. Defense counsel attempted to contact Rocha through telephone calls, voicemail messages, emails, and letters. (Declaration of Phillip Arthur ¶¶6, 9-10.) All these attempts failed and Rocha has not contacted defense counsel since March 25, 2011. (Id. ¶¶9-13.) As a result, Rocha failed to cooperate with defense counsel in the preparation of Defendants' motion for summary judgment. (Id. ¶¶3-11.) The failure by Rocha to cooperate with counsel in the defense of this action provides grounds for counsel's withdrawal, and good cause having been shown, the Court will grant the motion to withdraw.

Upon the issuance of this order, defense counsel shall be withdrawn as counsel for Defendant Rocha, and Defendant shall proceed pro se in this action. Counsel has provided the Court with Rocha's current address of record, as required under Local Rule 182(d), and the address will be kept confidential by the Court.[1] Due to Defendant Rocha's employment with the California Department of Corrections and Rehabilitation, and the subject matter of this action, sensitivity to the confidentiality of Defendant's home address is warranted. The Clerk of the Court shall keep confidential Defendant Rocha's address of record when serving court orders on Defendant Rocha.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' counsel's motion to withdraw as attorney of record for Defendant Rocha is GRANTED;

///

///

---

[1] Should Defendant Rocha choose to file something with the Court which reveals his address, the Court's undertaking to protect the confidentiality of the address will come to an end.

1      2.    Attorney Phillip L. Arthur of the California Attorney General's Office is WITHDRAWN as attorney of record for Defendant Rocha, and Defendant Rocha now proceeds in propria persona as defendant in this action;

    3.    The Clerk of Court shall SERVE a copy of this order on Defendant Rocha;

    4.    In serving court orders on Defendant Rocha, the Clerk of Court SHALL keep confidential his address of record; and

    5.    When Plaintiff or any other Defendant files any document in this case, the Clerk of Court SHALL effect service of that filing on Defendant Rocha at his address of record, to be kept confidential.[2]

IT IS SO ORDERED.

**Dated:**    October 12, 2011        /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Deviation from service in accordance with the Federal Rules of Civil Procedure applies only to service of documents on Defendant Rocha. While Plaintiff and the other Defendants may rely on the Court to serve their filings on Defendant Rocha, they must continue to effect service of their filings on one another in compliance with the applicable rules.

4