**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS |
| vs. | (Doc. 59.) |
| ROY COX, et al., | ORDER IMPOSING MONETARY SANCTIONS ON PLAINTIFF |
| Defendants. | ORDER FOR PLAINTIFF TO SEND WITNESS STATEMENTS TO DEFENDANTS WITHIN TEN DAYS, OR SELF-EXECUTING EVIDENTIARY SANCTIONS SHALL ALSO BE IMPOSED |

## I.     BACKGROUND

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 19, 2008. (Doc. 1.) This action now proceeds with the First Amended Complaint, filed on February 1, 2010, against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, C/O Sherri Stinnett, and LVN M. Hankins, for excessive force and deliberate indifference in violation of the Eighth Amendment.

On December 17, 2010, Defendants filed a motion to compel discovery responses, seeking an order compelling Plaintiff to provide them with copies of three inmate witness statements which Plaintiff claimed, at his deposition, were in his possession. (Doc. 53.) On February 16, 2011, the Court granted Defendants' motion and ordered Plaintiff to mail Defendants the three witness statements no later than

February 18, 2011. (Doc. 57.) On March 18, 2011, Defendants filed a motion for sanctions, on the ground that Plaintiff failed to comply with the Court's February 16, 2011 discovery order. (Doc. 59.) On October 19, 2011, Plaintiff filed an opposition to the motion. (Doc. 96.) On October 26, 2011, Defendant filed a reply. (Doc. 97.)

Defendants' motion for sanctions is now before the Court.

## II.    MOTION FOR SANCTIONS – RULE 37

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994). In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); G-K Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### A. Defendants' Motion

Defendants move for an order imposing terminating sanctions against Plaintiff under Rule 37(b) because Plaintiff failed to comply with the Court's February 16, 2011 discovery order which ordered Plaintiff to send Defendants three witness statements by February 18, 2011. In the alternative. Defendants seek a court order prohibiting Plaintiff from supporting his case or opposing Defendants' defenses with any testimony from, or any reference to, his three inmate witnesses.

Defendants' counsel declares that as of March 18, 2011, he had not received any witness statements from Plaintiff. (Declaration of P. Arthur, Doc. 59-2.) Defendants argue that Plaintiff has had ample time to comply with the Court's order and has not offered any reason for his noncompliance. Defendants argue that Plaintiff's failure to provide them with the three witness statements has interfered with their ability to determine the nature and basis of Plaintiff's claims, to further investigate Plaintiff's allegations through additional discovery, and to make rightful and informed decisions in this case. Defendants also argue that Plaintiff's failure to respond demonstrates willful disobedience.

### B. Plaintiff's Opposition

In opposition, Plaintiff requests leniency because he was on lock-up status most of the time through July 2011; he lacks access to legal resources, supplies, and assistance; he is not an attorney and is not well versed in the law; he has physical, mental, and psychological disabilities and takes medication; he has been diagnosed with a delusional disorder and major depression; he has symptoms of amnesia, attention deficit disorder, and paranoia; and prison officials are not properly processing his inmate appeals.

### C. Defendants' Reply

Defendants reply that as of October 26, 2011, Plaintiff had not provided them with the three witness statements as required by the Court's discovery order. However, Defendants assert that Plaintiff provided witness statements with his opposition to Defendants' motion for summary judgment.[1] Defendants seek clarification from Plaintiff as to whether these statements are in fact those referred to

---

[1] Defendants filed a motion for summary judgment on April 1, 2011. (Doc. 63.) Plaintiff filed an opposition to the motion on May 6, 2011. (Doc. 70.) On June 23, 2011, the Court denied Defendants' motion for summary judgment. (Doc. 80.)

at Plaintiff's deposition. Defendants argue that even if the statements are those requested, Plaintiff should be ordered to reimburse Defendants for the costs of their motions to compel and for sanctions. Defendants also argue that Plaintiff's opposition fails to demonstrate why the Court should not sanction him.

**D.     Discussion**

Plaintiff has blatantly disobeyed the Court's discovery order of February 16, 2011 which required him to send witness statements to Defendants. The Court agrees with Defendants' arguments that Plaintiff's lack of access to legal materials, mental illness and associated treatment, and problems with the inmate appeals process do not affect his ability to provide Defendants with the three witness statements. Plaintiff has offered no reasonable explanation why he has been unable, for the past year, to make copies of three inmate witness statements and mail them to Defendants. Plaintiff also failed to respond to Defendants' request for clarification as to whether the witness statements Plaintiff provided with his opposition to Defendants' motion for summary judgment were in fact those referred to at Plaintiff's deposition. Therefore, the Court shall grant Defendants' motion for sanctions.

Plaintiff shall be required to pay Defendants' reasonable expenses, including attorney's fees, for the preparation of their motion to compel, filed on December 17, 2010, and their motion for sanctions, filed on March 18, 2011. The monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or shall be assessed as part of Defendants' costs if they prevail at trial.

The Court finds monetary sanctions to be sufficient and shall not grant terminating sanctions. While Plaintiff has caused a delay in the resolution of discovery, Defendants have not demonstrated they are unable to defend this action on the merits. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

Plaintiff is hereby ordered to send the three witness statements to Defendants within ten days of receipt of this order; if he fails to do so then a self-executing evidentiary sanctions shall also be imposed, precluding Plaintiff from calling those three witnesses or using those witness statements as evidence at

trial.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for sanctions, filed on March 18, 2011, is GRANTED;

2. Plaintiff shall be assessed Defendants' reasonable expenses and attorney fees incurred for preparation of their motion to compel filed on December 17, 2010, and their motion for sanctions, filed on March 18, 2011. The monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or assessed as part of Defendants' costs if they prevail at trial;

3. Within ten days of the date of service of this order, Plaintiff shall send the three witness statements to Defendants, or a self-executing evidentiary sanction shall also be imposed, precluding Plaintiff from calling those three witnesses or using those witness statements as evidence at trial; and

4. Plaintiff's failure to comply with this order may result in the imposition of further sanctions deemed appropriate by this court, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 16, 2012**                    /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE