**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S MOTION FOR SETTLEMENT |
| v. | (Doc. 99 resolved.) |
| ROY COX, et al., | ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL |
| Defendants. | |
| | THIRTY-DAY DEADLINE |

**I.   BACKGROUND**

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 19, 2008. (Doc. 1.) This action now proceeds with the First Amended Complaint, filed on February 1, 2010, against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, C/O Sherri Stinnett, and LVN M. Hankins, for excessive force and deliberate indifference in violation of the Eighth Amendment.

The pretrial deadlines in this action have expired, and the parties' pretrial dispositive motions have been resolved. At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

///

## II. MOTION FOR SETTLEMENT

On February 13, 2012, Plaintiff filed a motion to participate in settlement proceedings via the Court. (Doc. 99.) The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to participate in settlement proceedings is resolved by this order; and
2. Within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[2]

IT IS SO ORDERED.

Dated:   February 21, 2012                   /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference. If the case is referred for settlement, the case will be stayed by order pending completion of the settlement conference.