# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA PC |
| Plaintiff, | ORDER FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO CORRESPOND WITH AN INMATE WITNESS, WITHIN THIRTY DAYS |
| v. | |
| ROY COX, et al., | (Doc. 109.) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. This action now proceeds with the First Amended Complaint, filed on February 1, 2010, against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, C/O Sherri Stinnett, and LVN M. Hankins, for excessive force and deliberate indifference in violation of the Eighth Amendment, based on an incident allegedly occurring on February 5, 2007 at Kern Valley State Prison in Delano, California. (Doc. 33.) The case has been scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill. On March 9, 2012, Plaintiff filed a motion seeking a court order allowing him to communicate with inmate witness Larry Ridge, CDC# V-77540.

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation

of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). However, if Plaintiff makes a showing that the witness possesses actual knowledge of relevant facts, the Court may request that Plaintiff and his witness be authorized to correspond. Under no circumstance will the Court request that Plaintiff be permitted to correspond with other inmates shielded entirely from review or oversight by prison officials. If Plaintiff makes the requisite showing, prison officials are entitled to and will be notified that they may fashion the procedure for the telephone call and exchange of documents so as to ensure the safety and security of the institutions at which Plaintiff and the other inmate are housed.

Here, Plaintiff states that his inmate witness, Larry Ridge, was Plaintiff's cell mate and an eyewitness to the incident at issue in Plaintiff's complaint. Plaintiff has submitted a copy of a written statement by inmate Ridge, claiming that on February 5, 2007, he was present when Plaintiff was ordered to submit to a strip search and was punched and maced by correctional officers Roy Cox, S. Stinnett, and T. Acosta. (Exh. to Motion, Doc. 109 at 4-5.) Plaintiff states that he and his eyewitness have both been transferred to other facilities since the February 5, 2007 incident occurred. Plaintiff is currently incarcerated at High Desert State Prison. Plaintiff requests to be allowed a telephone call to speak to the eyewitness, and to privately correspond by mail with the eyewitness without prison officials opening the letters outside the addresses's presence.

The Court finds that Plaintiff has demonstrated that witness Larry Ridge possesses actual knowledge of relevant facts. Therefore, at this juncture, Defendants shall be required to file a response to Plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Defendants must file a response to Plaintiff's motion to correspond with an inmate witness, filed on March 9, 2012.

IT IS SO ORDERED.

**Dated:   March 13, 2012**                            /s/ Gary S. Austin
                                                                              UNITED STATES MAGISTRATE JUDGE