# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA PC |
| Plaintiff, | ORDER CLARIFYING COGNIZABLE CLAIMS AND RELIEF AVAILABLE IN THIS ACTION |
| v. | |
| ROY COX, et al., | (Doc. 33.) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California. This case has been scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

This action now proceeds with Plaintiff's First Amended Complaint, filed on February 1, 2010, based on an incident occurring on February 5, 2007 at Kern Valley State Prison (KVSP) in Delano, California, against defendants Correctional Officer ("C/O") Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, and C/O Sherri Stinnett for use of excessive force in violation of the Eighth Amendment; against defendants C/O Paul Rocha and C/O Thomas Acosta for failure to protect Plaintiff, in violation of the Eighth Amendment; and against defendant Nurse M. Hankins (LVN) for denial of medical care in violation of the Eighth Amendment. (Doc. 33.)

///

1

1    Plaintiff requests monetary, declaratory, and injunctive relief.  With regard to declaratory
2 relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a
3 matter of judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood</u>
4 <u>Village</u>, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve
5 a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings
6 and afford relief from the uncertainty and controversy faced by the parties."  <u>United States v.</u>
7 <u>Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the
8 jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional
9 rights were violated.  A declaration that defendant violated Plaintiff's rights is unnecessary.

10   Plaintiff requests injunctive relief via a court order reinstating his medical chronos.  The court
11 cannot award this form of relief.  Any award of equitable relief is governed by the Prison Litigation
12 Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  18 U.S.C. §3626(a)(1)(A).

18 The injunction requested by Plaintiff would not remedy the past violation of Plaintiff's constitutional
19 rights and therefore is not narrowly drawn to correct the alleged past violations.

20   Also, when a prisoner seeks injunctive relief concerning the prison where he is incarcerated,
21 his claims for such relief become moot when he is no longer subjected to those conditions.  <u>See</u>
22 <u>Weinstein v. Bradford</u>, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be
23 moot once he obtained a full release from prison supervision); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-
24 69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another
25 prison). Once Plaintiff was transferred away from KVSP where the alleged violations occurred, any
26 claims for injunctive relief regarding conditions at those institutions became moot.

27   For the foregoing reasons, the Court finds that this action is a damages action only.

28

2

Accordingly, IT IS HEREBY ORDERED that:

1.  This case now proceeds only on Plaintiff's Eighth Amendment claims:

    (1) Against defendants Cox, Cope, Robles, Rocha, Acosta, and Stinnett, for use excessive force;

    (2) Against defendants Acosta and Rocha, for failure to protect Plaintiff; and

    (3) Against defendant Hankins, for denial of medical care; and

2.  Only monetary damages are available as relief in this action.

IT IS SO ORDERED.

**Dated:   April 12, 2012**          　　　/s/ **Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE