# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA PC |
| Plaintiff, | ORDER DENYING REQUEST TO RESET TRIAL DATE |
| v. | (Doc. 111.) |
| ROY COX, et al., | |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. This case has been scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

This action now proceeds with Plaintiff's First Amended Complaint, filed on February 1, 2010, against defendants Correctional Officer (C/O) Roy Cox, C/O B. Cope, C/O R. Robles, C/O Paul Rocha, C/O Thomas Acosta, and C/O Sherri Stinnett for use of excessive force in violation of the Eighth Amendment; against defendants C/O Paul Rocha and C/O Thomas Acosta for failure to protect Plaintiff, in violation of the Eighth Amendment; and against defendant Nurse M. Hankins (LVN) for denial of medical care in violation of the Eighth Amendment. (Doc. 33.)

On March 9, 2012, the Court issued a scheduling order setting the date for trial in this action for June 19, 2012. (Doc. 105.) On March 15, 2012, defendants Cope, Cox, Acosta, Robles,

1

Hankins, and Stinnett (Defendants) filed a motion to reset the trial date.[1] (Doc. 111.) On March 26, 2012, Plaintiff filed an opposition. (Doc. 117.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause and the judge's consent. Fed. R. Civ. P. 16(b). Defendants have requested that the June 19, 2012 trial date in this action be reset due to a scheduling conflict for Defendants' counsel, Deputy Attorney General (DAG) Phillip L. Arthur (Counsel). Counsel argues that the trial should be continued to July 10, 2012, or the next available trial date, because he is scheduled to represent parties in another case at trial in Sacramento on June 19, 2012. (Declaration of Phillip Arthur, Doc. 111 ¶¶3, 4.)

In opposition, Plaintiff argues that his health and safety will be jeopardized if the trial is continued, because the longer the delay, the more pain he will suffer before this case is resolved. Plaintiff also argues that the Attorney General's Office has the ability to substitute another DAG to represent Defendants at trial on the scheduled date.

The Court finds no good cause to continue the trial in this action. More than two months remain before the scheduled trial date. With this much notice of a conflict, coupled with the size of the Attorney General's office and the factual and legal simplicity of the claims in this action, no continuances shall be granted.

## III.    CONCLUSION

Based on the foregoing, the Court finds no good cause to reset the trial date in this action. Therefore, IT IS HEREBY ORDERED that Defendants' motion to reset the trial date is DENIED.

IT IS SO ORDERED.

**Dated:   April 13, 2012**                    **/s/ Lawrence J. O'Neill**
                                                               UNITED STATES DISTRICT JUDGE

---

[1]Defendant Rocha is proceeding separately, in pro per.