**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CORRESPOND WITH INMATE WITNESS |
| v. | (Doc. 109.) |
| ROY COX, et al., | |
| Defendants. | |

**I.   BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. Plaintiff is presently incarcerated at High Desert State Prison (HDSP) in Susanville, California. This case is scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

On March 9, 2012, Plaintiff filed a motion to correspond with an inmate witness at another facility. (Doc. 109.) On March 13, 2012, the Court ordered the defendants to respond to the motion. (Doc. 110.)  On April 12, 2012, defendants Cope, Cox, Acosta, Robles, Hankins, and Stinnett (Defendants) filed a response to the motion.[1]  Plaintiff has not filed a reply.

---

[1] Defendant Rocha, who is proceeding separately in pro per, did not file a response.

1

## II. MOTION TO CORRESPOND WITH INMATE WITNESS

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). Correspondence by inmates between institutions is connected to legitimate security concerns, such as the possibility of communication of escape plans, plans to arrange violent acts, and improper correspondence between gang members. Turner v. Safley, 482 U.S. 78, 91, 107 S.Ct. 2254, 2263 (1987). Regulations of mail may be imposed barring communication with inmates at other penal facilities, to protect the institutional order and security of the facility where the regulation does not deprive prisoners of all means of expression. Id. at 92. The Court recognizes that the judgment of corrections officials with respect to correspondence between prison institutions is "a judgment 'peculiarly within [their] province and professional expertise,' [and] should not be lightly set aside by the courts." Id. at 92-93 (quoting Pell v. Procunier, 417 U.S. 817, 827 (1974).

Moreover, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). "[A] federal court may ... not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### A. Plaintiff's Motion

Plaintiff requests a court order facilitating his communication with inmate witness Larry Ridge, V-77540. Plaintiff asserts that Ridge was his cell mate and an eyewitness to the incident at issue in this case, (Declaration of Larry Ridge, Doc. 109 at 4-5.), and that Plaintiff and Ridge have both been transferred to separate facilities away from where the incident allegedly occurred. Plaintiff seeks to correspond privately with Ridge by telephone and mail to make preparations for trial. Plaintiff requests the Court to issue a "memorandum to the CDCR and the HDSP Warden as well to the Delta Yard building officials and sergeant of five block," notifying them that he has leave to correspond with Ridge without prison officials opening the letters outside of Plaintiff's presence.

///

2

### B. **Defendants' Response**

Defendants respond that officials at HDSP, where Plaintiff is housed, and California Medical Facility (CMF), where inmate Ridge is housed, are not opposed to Plaintiff and Ridge corresponding via letter using a specific procedure. On March 14, 2012, Defendants' counsel (Counsel) spoke with the litigation coordinators at HDSP and CMF about allowing Plaintiff and inmate Ridge to correspond about this case via a telephone call and exchange of documents. (Declaration of Phillip Arthur, Doc. 120 ¶5.) Counsel was told that it would be intrusive and burdensome to allow Plaintiff and Ridge to correspond via telephone, but that they would allow Plaintiff and Ridge to correspond via letter under the following procedure: (1) letters sent from Plaintiff to inmate Ridge would first be reviewed by HDSP's litigation office, the letters would be sent to CMF's litigation office where they would be reviewed by a member of the Investigative Services Unit (ISU), and then the letters would be provided to inmate Ridge; and (2) letters sent from inmate Ridge to Plaintiff would first be reviewed by a member of ISU at CMF, the letters would be sent to HDSP's litigation office where correctional staff there would review them, and then the letters would be provided to inmate Ridge. (Id. ¶¶6, 8.) The litigation coordinators at HDSP and CMF further stated that Plaintiff and inmate Ridge would be allowed to correspond under the procedure outlined above for the duration of this case, and that Plaintiff and inmate Ridge would only be allowed to begin corresponding after the Court issues an order granting Plaintiff's motion to correspond with inmate Ridge. Id. ¶9.

### C. **Discussion**

Prison officials have indicated that they will not allow Plaintiff to correspond privately with inmate Larry Ridge. The procedure proposed by the litigation coordinators at HDSP and CMF would enable Plaintiff and Ridge to correspond via letter, but not without prison officials opening and reviewing the letters before they leave one facility and upon their arrival at the other facility. The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970), and as discussed above, the Court lacks jurisdiction to issue an order granting Plaintiff's motion to correspond with inmate

3

Ridge. Therefore, Plaintiff's motion must be denied. Nonetheless, Plaintiff is not foreclosed by the Court from pursuing his request for authorization at the prison level.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to correspond with his inmate witness, filed March 9, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:    April 16, 2012**                        /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE