# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY COX, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-01221-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS AT TRIAL, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN TWENTY DAYS<br>(Doc. 113.)<br><br>TWENTY DAY DEADLINE TO RENEW MOTION |

## I. BACKGROUND

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California. This case is scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

On March 19, 2012, Plaintiff filed a motion for the attendance of an incarcerated witness at trial. (Doc. 113.) Defendants have not file a response.

## II. MOTION FOR ATTENDANCE OF INMATE WITNESS

In the Court's Fourth Scheduling Order of March 9, 2012, Plaintiff was advised that before the Court will issue an order to transport incarcerated witnesses to trial, Plaintiff must file a motion stating the name, address, and prison identification number of each such witness, and submit declarations showing that each witness is willing to testify and has actual knowledge of relevant facts. (Doc. 105 at 2-3.) Plaintiff requests the attendance at trial of inmate witness Larry Ridge, CDCR #V-77540, who is presently housed at Corcoran State Prison in Corcoran, California.

1

1  Plaintiff has submitted a statement attributed to Larry Ridge V-77540, stating that Ridge was an
2  eyewitness to the February 5, 2007 incident at issue in this action during which Plaintiff was
3  allegedly assaulted by defendants. (Doc. 113 at 2-3.)
4     While Plaintiff has properly identified his prospective inmate witness, Plaintiff has not
5  submitted the required declaration of his witness.[1]  The statement submitted by Plaintiff was not
6  dated or signed under penalty of perjury by Larry Ridge.  While Larry Ridge's name is printed at the
7  end of the statement, the statement does not include Larry Ridge's signature. Id.  Further, there is
8  no indication whether Larry Ridge is willing or unwilling to testify at Plaintiff's trial.  The Court will
9  not consider issuing an order to transport Larry Ridge to trial until Plaintiff has submitted a motion
10 which complies with the requirements in the Court's Fourth Scheduling Order. Therefore, Plaintiff's
11 motion for the attendance of an incarcerated witness shall be denied, without prejudice to renewal
12 of the motion within twenty days.  Plaintiff is advised to refer back to the Court's Fourth Scheduling
13 Order for instructions to file the motion. Plaintiff is cautioned that his trial date is approaching fast
14 and if he wishes to bring an inmate witness to trial, he must renew the motion within twenty days.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attendance of an inmate witness at trial is DENIED, without prejudice to renewal of the motion within twenty days from the date of service of this order; AND

2. Failure to renew the motion as instructed by this order within the twenty day deadline may preclude Plaintiff from bringing any inmate witnesses to trial.

IT IS SO ORDERED.

Dated:   April 16, 2012             /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[1] A declaration is a statement signed under penalty of perjury by the person making the statement. The following language at the end of the written statement is acceptable: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

2