IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| ROY COX, et al., | |
| Defendants. | ( #128) |

On May 2, 2012, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1    Plaintiff offers no argument that he has the requisite likelihood of success, or that
2 because of the complexity of the claims he is unable to articulate his positions. While plaintiff
3 provides evidence that he has limited reading ability, takes medication for psychological
4 problems, and has relied on the assistance of other inmates in litigating this matter, these factors
5 do not make him exceptional.  The court is faced with similar cases almost daily.  Based on a
6 review of the record in this case, the court cannot find that Plaintiff cannot adequately articulate
7 his claims.
8    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
9 DENIED, without prejudice.
10    IT IS SO ORDERED.
11    Dated:   **May 7, 2012**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE