UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 130.) |
| ROY COX, et al., | |
| Defendants. | |

**I.  BACKGROUND**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis. This case is scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

On April 16, 2012, the court entered an order denying Plaintiff's motion to correspond with his inmate witness housed at another correctional facility. (Doc. 123.) On May 2, 2012, Plaintiff filed a motion for the court to reconsider its decision. (Doc. 130.)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that he will be disadvantaged if he is unable to communicate with witnesses in confidence, and that as an incarcerated litigant, he is not being provided the same rights as an unincarcerated litigant.

Plaintiff was informed in the Court's prior order that the Court lacks jurisdiction to issue an order allowing Plaintiff to correspond with his witnesses.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 2, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   May 7, 2012**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE