# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS AT TRIAL |
| v. | (Doc. 137.) |
| ROY COX, et al., | |
| Defendants. | |

## I.    BACKGROUND

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Latwahn McElroy, a state prisoner proceeding pro se and in forma pauperis.  Plaintiff is presently incarcerated at High Desert State Prison  in Susanville, California.  This case is scheduled for jury trial to commence on June 19, 2012 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

On May 16, 2012, Plaintiff renewed his motion for the attendance of an incarcerated witness at trial.  (Doc. 137.)

## II.    MOTION FOR ATTENDANCE OF INMATE WITNESS

In the Court's Fourth Scheduling Order of March 9, 2012, Plaintiff was advised that before the Court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts.  (Doc. 105

1

1    at 2-3.)  The Order specifically requires Plaintiff to file a "declaration[] showing that each witness

2    is willing to testify."[1]  (Id. at 3:3.)

3         Plaintiff requests the attendance at trial of inmate witness Larry Ridge, CDCR #V-77540,

4    who "may be" presently housed at the California Medical Facility in Vacaville, California.  (Doc.

5    137 at 1.)  Plaintiff has submitted inmate Ridge's declaration, dated on February 12, 2010 and signed

6    under penalty of perjury, describing events demonstrating that Ridge was an eye- and ear-witness

7    to the February 7, 2007 incident at issue in this action during which Plaintiff was allegedly assaulted

8    by defendants.  (Doc. 137 at 2-3.)

9         Plaintiff has not fully complied with the requirements of the Fourth Scheduling Order.  While

10   Plaintiff has sufficiently identified his prospective inmate witness and submitted a declaration

11   demonstrating that the witness has actual knowledge of relevant facts, there is no indication that

12   Larry Ridge is willing to testify at Plaintiff's trial.  Plaintiff only states that the witness "is desired

13   to be present at trial" and "the jury should be allowed to hear the witness testify."  (Doc. 137 at 1,

14   4 ¶1.)  The Court will not consider issuing an order to transport Larry Ridge to trial without a motion

15   which complies with the requirements of the Fourth Scheduling Order.  Therefore, Plaintiff's motion

16   for the attendance of an incarcerated witness shall be denied.

17   **III.    CONCLUSION**

18        Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance

19   of an inmate witness at trial is DENIED.

20   IT IS SO ORDERED.

21   **Dated:    May 17, 2012**                          **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE

22

23

24

25   ─────────────────

26   [1]The Fourth Scheduling Order requires that the willingness of the prospective witness "be shown in one of
     two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has

27   informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the
     party must state when and where the prospective witness informed the party of his willingness; or (2) the party can

28   serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states
     that he or she is willing to testify without being subpoenaed."  (Doc. 105 at 3:6-12.)