UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | 1:08-cv-01221-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL TRANSCRIPT** |
| v. | **(ECF NO. 169.)** |
| ROY COX, et al., | |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Latwahn McElroy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. District Judge Lawrence J. O'Neill presided over a jury trial in this case. On June 19, 2012, the jury returned a unanimous verdict in favor of the defendants.

On September 27, 2018, Plaintiff filed a motion for the court to provide him with a transcript of the trial. (ECF No. 169.)

## II. MOTION FOR TRANSCRIPT

### A. Legal Standard

To obtain a transcript at government expense, Plaintiff must satisfy the criteria of 28 U.S.C. § 753(f). Section 753(f) provides, in part, that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal *in forma pauperis*

1

(IFP) if the trial judge or a circuit judge certifies that the appeal is not frivolous (i.e., it presents a substantial question). § 753(f). This requirement is applicable to pro se litigants. See Morris v. Long, No. 1:08–cv–01422–AWI–MJS, 2012 WL 5208503, at *1 (E.D. Cal. Oct. 22, 2012) (finding that the *pro se* litigant proceeding *in forma pauperis* was required to "identify the issues he intends to raise on appeal and explain why those issues are meritorious in order to meet the . . . standard [for production of trial transcripts at government expense]."); Woods v. Carey, No. CIV S–04–1225 LKK GGH P, 2009 WL 2905788, at *1 (E.D. Cal. Sept. 4, 2009) (same).

### B. Plaintiff's Motion

Plaintiff requests the court to provide him with a transcript of the trial in this case. Plaintiff states that the court did not send him a transcript of the trial and that he will need one for appellate review.

Plaintiff has already received approval to proceed *in forma pauperis* (ECF No. 4), and there is no indication in the record that his financial situation has changed. However, Plaintiff has not alleged that his appeal presents a substantial issue. The motion simply states that he needs a copy of the transcript for appellate review. There is no mention of the issues on appeal, let alone an argument that the issues on appeal are substantial. Therefore, Plaintiff's motion shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a transcript of his trial, filed on September 27, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **October 18, 2018**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE